IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | NO. 92-55-01 |
| | : | |
| JOSE GONZALEZ-RIVERA | : | |
| | : | |

**OPINION**

**Slomsky, J.**                                                                                            **May 18, 2012**

I.      INTRODUCTION

Before the Court is Defendant Jose Gonzalez-Rivera's *pro se* Motion for a Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2). On December 14, 2011, Defendant filed this *pro se* Motion. (Doc. No. 205.) On January 18, 2012, the Government filed a Response in Opposition. (Doc. No. 207.) For reasons stated below, Defendant's Motion (Doc. No. 205) will be denied.

II.     FACTUAL HISTORY

On February 7, 1992, Defendant was charged with multiple drug distribution offenses as described below. (Doc. No. 207 at 1.) On September 24, 1992, he was convicted of: conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846 (Count 1); participating in a continuing criminal enterprise, in violation of 21 U.S.C. § 848 (Count 2); possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (Counts 5-6); and use of a communication facility to facilitate a drug felony, in violation of 21 U.S.C. § 843(b) (Count 8). (Id.)

On April 23,1993, the late Honorable Robert Gawthrop, III, following the United States

Sentencing Guidelines (the "Sentencing Guidelines") as set forth in the probation officer's Presentence Investigation Report, sentenced Defendant to life in prison. (Id. at 2.)

### III. DISCUSSION

Defendant seeks a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2), based on a recent amendment to the United States Sentencing Guidelines. Because Defendant has failed to make a prima facie case for relief under § 3582(c)(2), the Motion will be denied. (Doc. No. 205.)

Section 3582(c)(2) authorizes a court to reduce a final sentence if that sentence was based on a sentencing range later amended by the United States Sentencing Commission (the "Sentencing Commission"). It provides that:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment . . . if such reductions are consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

The Amendment at issue here is Part A of Amendment 750 to the Sentencing Guidelines. On November 1, 2010, Amendment 750 of the Sentencing Guidelines became effective. This Amendment applies to cocaine base ("crack cocaine") offenses. It lowers the offense levels in § 2D1.1 of the Sentencing Guidelines.

On November 1, 2011, the Sentencing Commission decided that Amendment 750 should be applied retroactively. See U.S.S.G § 1B1.10(c). See also United States v. Cruz, No. 10-3858, 2012 WL 753744, at *2 n.3 (3d Cir. Mar. 9, 2012). Section 1B1.10(a) of the Sentencing Guidelines instructs how amendments, including Amendment 750, should be applied

2

retroactively. It reads in relevant part:

> (1) In General.—In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.
> (2) Exclusions.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—
>   (A) none of the amendments listed in subsection (c) is applicable to the defendant; or
>   (B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.
> (3) Limitation.—Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

In <u>Dillon v.United States</u>, 130 S. Ct. 2683 (2010), the Supreme Court instructed how retroactive guideline amendments should be applied to persons incarcerated before the date of an amendment, establishing a two-step approach:

> At step one, § 3582(c)(2) requires the court to follow the [Sentencing] Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized. Specifically, § 1B1.10(b)(1) requires the court to begin by "determin[ing] the amended guideline range that would have been applicable to the defendant" had the relevant amendment been in effect at the time of the initial sentencing. "In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." Ibid.
>
> Consistent with the limited nature of § 3582(c)(2) proceedings, § 1B1.10(b)(2) also confines the extent of the reduction authorized. Courts generally may "not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range" produced by the substitution. § 1B1.10(b)(2)(A). . . .

> At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.

Id. at 2691-92.  Following these steps, a court is able to discern whether a defendant is eligible for a reduction in his term of imprisonment.

Here, Defendant is not entitled to a reduction in his sentence because his sentencing range is unaffected by Amendment 750.  Amendment 750 applies only to sentences involving crack cocaine, not powder cocaine.  U.S.S.G. § 2D1.1 (2007).  See also Mack v. United States, No. 00-323-03, 2012 WL 1019161, at *1 n.1 (D.N.J. Mar. 26, 2012) ("[Amendment 750] only affects the base offense levels related to quantities of cocaine base/crack and not cocaine."); United States v. Montgomery, 398 Fed. App'x 843, 844 (3d Cir. 2010) (because the defendant's sentence was supported by both cocaine powder and crack cocaine convictions, the change in crack cocaine offense levels did not warrant a sentence reduction).  Defendant was sentenced for conspiracy to distribute cocaine (Count I); participating in a continuing criminal enterprise (Count 2); possession of cocaine with intent to distribute (Counts 5 and 6); and use of a communication facility to facilitate a drug felony (Count 8).  None of these offenses involved crack cocaine.  Accordingly, applying the procedures set forth in § 1B1.10(a) and the steps outlined in Dillon v. United States, *supra*, it is apparent that Amendment 750 does not affect Defendant's sentence, and his Motion will be denied.

## IV. CONCLUSION

For the foregoing reasons, the Court will deny Defendant's *pro se* Motion for a Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2).  (Doc. No. 205.)  An appropriate Order follows.